UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

ANDY CHUNG,

        Plaintiff,

   v.

JULIET FOLLANSBEE, Director, PSRB,

        Defendant.

Case No. 6:15-cv-01425-AA

OPINION AND ORDER

AIKEN, Judge:

    Plaintiff, appearing pro se, filed suit alleging wrongful incarceration against the director of the Oregon Psychiatric Security Review Board (PSRB). Plaintiff alleges that he was wrongfully denied a full discharge or conditional release from the Oregon State Hospital. Defendant now moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons discussed below, defendant's motion is granted and this case is dismissed.

    Defendant contends that plaintiff's claims should be dismissed because 1) this Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine, 2) defendant was not involved personally in the challenged decision, and 3) defendant is entitled to quasi-judicial immunity.

1   - OPINION AND ORDER

Essentially, plaintiff challenges a decision by the PSRB to deny him conditional release or a full discharge. However, this court is prohibited under *Rooker-Feldman* from reviewing state court decisions or any issues that are inextricably intertwined with a state court decision. *Noel v. Hall*, 341 F.3d 1148, 1154-55 (9th Cir. 2003). The decision of the PSRB was an administrative proceeding akin to a state court decision, one this court cannot review directly.

Further, plaintiff alleges no personal involvement by defendant to state a claim for relief against her. *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Even if he did so allege, defendant would be entitled to immunity. Parole board officials "are entitled to absolute quasi-judicial immunity for decisions to grant, deny, or revoke parole because these tasks are functionally comparable to tasks performed by judges." *Swift v. Cal.*, 384 F.3d 1184, 1189 (9th Cir. 2004) (citation and internal quotations omitted). Here, plaintiff's allegations arise from defendant's performance of judicial functions - i.e. the decision to deny his conditional release. Thus, defendant is absolutely immune to the extent plaintiff's claims are premised on the PSRB's executive decisions.

## CONCLUSION

Defendant's motion to dismiss (doc. 11) is GRANTED and this case is DISMISSED. IT IS SO ORDERED.

Dated this 17 day of May, 2016.

_____
Ann Aiken
United States District Judge